COMMONWEALTH *vs.* MICHAEL WELSH

A witness who has testified in chief that he does not know certain facts, cannot, although
he shows a disposition to conceal what he knows, be asked by the party calling him
whether he did not on a former occasion swear to his knowledge of those facts.

INDICTMENT for being a common seller of spirituous and
intoxicating liquors. Trial in the court of common pleas, before
*Bishop,* J., who signed the following bill of exceptions :

" John R. Tufts, the first witness called by the government,
testified, in his examination in chief, that he did not know the
defendant's business, and that he did not know where his shop
was situated. The witness testified with a great deal of reluc-
tance, and showed a strong disposition to conceal the facts which
he knew, and evaded the questions put to him by the district
attorney. The district attorney put to the witness the following
interrogatory : ' Did you not swear before the grand jury that
you did know the defendant's business, and that you did know
where the defendant's shop was situated ? ' To this, the counsel
for the defendant objected ; but the court permitted the question
to be put. The district attorney assigned no reason for putting

the question, and the court gave no reason for allowing it, nor was there any explanation made by court or counsel. The reason why the court permitted the question to be put, was the manifest reluctance of the witness to say any thing implicating the defendant, and his obviously evasive answers to the questions put to him, which induced the court in its discretion to allow the examination; but the reasons for so doing were not stated by the court. The above question was asked, and answered by the witness in the affirmative; the jury found a verdict of guilty; and the defendant excepted to the above ruling of the court."

*G. A. Somerby,* for the defendant. Though a party has a right to prove facts, material to the issue, which may collaterally contradict his own witness; yet he has no right to offer evidence, collateral to the issue, merely to contradict his own witness. *Brown* v. *Bellows,* 4 Pick. 179. *Whitaker* v. *Salisbury,* 15 Pick. 534. *Stockton* v. *Demuth,* 7 Watts, 39. *Smith* v. *Price,* 8 Watts, 447. *Winston* v. *Mosely,* 2 Stew. 137. *Fulton Bank* v. *Stafford,* 2 Wend. 483. *Friedlander* v. *London Assurance Co.* 4 B. & Ad. 193. *Ewer* v. *Ambrose,* 3 B. & C. 746. Where a witness disclaims all knowledge of facts sought to be proved by the party calling him, such party cannot interrogate the witness as to his prior contradictory statements, his credit is immaterial; and such statements are not substantive evidence. 1 Stark. Ev. (4th Eng. ed.) 251. 2 Phil. Ev. (3d ed.) 451. *Wright* v. *Beckett,* 1 M. & Rob. 428. *Holdsworth* v. *Mayor &c. of Dartmouth,* 2 M. & Rob. 153. *Winter* v. *Butt,* 2 M. & Rob. 357. *Regina* v. *Ball,* 8 Car. & P. 745. *Regina* v. *Farr,* 8 Car. & P. 768.

*J. H. Clifford,* (Attorney General,) for the Commonwealth. **1.** Whether the question objected to should have been put on cross-examination was a matter within the discretion of the presiding judge, and not a subject of exception. *Moody* v. *Rowell,* 17 Pick. 498. ·

2. The question was rightly permitted to be put. " If a witness by his conduct in the box, shows himself decidedly adverse, it is always in the discretion of the judge to allow a cross-examination; but if a witness called stands in a situation which

of necessity makes him adverse to the party calling him, the counsel may, as matter of right, cross-examine him." By Best, C. J. in *Clarke* v. *Saffery*, Ry. & Mood. 126. See also 1 Greenl. Ev. § 434, and cases cited; *Wright* v. *Beckett*, 1 M. & Rob. 414.

SHAW, C. J. The evidence of what the witness testified before the grand jury ought not to have been received. It bore upon no question pertinent to the issue. It was not to neutralize the effect of evidence given by the witness against the party calling him; for the witness had given none. It could only be to disparage the witness, and show him unworthy of credit with the jury, which was inadmissible.             *Exceptions sustained*